IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HERMAN BROWN | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:11cv116HSO-JMR |
| | § | |
| BOB TYLER SUZUKI, INC., et al. | § | DEFENDANTS |

**<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS MCNESBY AND DEWEES' MOTION TO
DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION</u>**

BEFORE THE COURT is the Motion [8] of Defendants Harry R. McNesby,[1] in his official capacity as former Sheriff of Escambia County, Florida, and Deputy Sheriff Marc Daniel Dewees, in his individual capacity, to Dismiss or, alternatively, to Transfer, filed in the above captioned cause pursuant to FED. R.CIV. P. 12(b)(2), 12(b)(3), and 28 U.S.C. §§ 1404, 1406.  Plaintiff has filed a Response [14], and Defendant Consumer Portfolio Services, Inc. ("CPS"), has filed a Joinder [35] in the Motion to Transfer [8].  After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion [8] should be granted in part and denied in part, and that the case should be transferred to the United States District Court for the Northern District of Florida, Pensacola Division.

---

[1]Defendants' Motion states that "[b]y operation of law, the current duly elected Sheriff, David Morgan, should be substituted in McNesby's place as the designated agency head."  Mot. at p. 1.  While FED. R. CIV. P. 25(d) provides for the automatic substitution of a public officer's successor, the Court will continue to make reference to McNesby in this Order, since there has been no formal substitution on the record to date.

I. BACKGROUND

Plaintiff filed his Complaint [1] on March 24, 2011, against Defendants Dewees, McNesby, CPS, Bob Tyler Suzuki, Inc. ("BTS"), and three BTS employees, alleging violations of his civil rights, as well as claims under state law, arising from the purchase of a motor vehicle. Compl. [1]. Plaintiff alleges that after he bought a motor vehicle from BTS in Pensacola, Florida, and transported it to his residence in Moss Point, Mississippi, BTS and its employees made false accusations that he had stolen the vehicle. *Id*. ¶ 23. Based upon these accusations, Plaintiff maintains that Deputy Sheriff Dewees of the Escambia County, Florida, Sheriff's Department initiated a criminal complaint against him and registered the vehicle into the National Crime Information Center (NCIC) database as stolen. *Id*. ¶ 29. Plaintiff asserts that without conducting any further investigation, Dewees obtained a warrant for his arrest from the Escambia County Circuit Court. *Id*. ¶ 31.

The Escambia County Sheriff's Office then contacted law enforcement authorities in Moss Point, Mississippi. *Id*. ¶ 32. Plaintiff was arrested in Mississippi, and later extradited to Florida, where he remained incarcerated for a week. *Id*. ¶¶ 33-35. *Id*. Plaintiff's car was also seized in Moss Point by a BTS agent. *Id*. Formal criminal charges were filed against Plaintiff on April 29, 2008, in the Escambia County Circuit Court, cause number 2008-CF-001569A. These charges were subsequently dismissed. *Id*. ¶ 39. There is no serious dispute among the parties that neither Dewees nor McNesby ever physically entered Mississippi at

any time relevant to the events in question.

Defendants Dewees and McNesby now move to dismiss Plaintiff's claims on grounds that this Court lacks personal jurisdiction over them. In the alternative, they seek to transfer this case to the Northern District of Florida, Pensacola Division. Mot. [8]. Defendant CPS joins in the Motion [8] to the extent it seeks transfer of this case to the Northern District of Florida. Joinder [35].

## II.  DISCUSSION

A.   Personal Jurisdiction

The party invoking the jurisdiction of this Court bears the burden of establishing a *prima facie* case of personal jurisdiction over each defendant. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985). "Accordingly, personal jurisdiction over a defendant can be exercised to the same extent that the state court in this forum could. The reach of such jurisdiction is limited by the state's applicable long-arm statute as well as the due process requirements of the Fourteenth Amendment." *Tellus Operating Group, LLC v. R&D Pipe Company*, 377 F. Supp. 2d 604, 606 (S.D. Miss. 2005) (citing *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990)).

"The Mississippi long-arm statute is not coextensive with federal due process, requiring an analysis of the scope of the reach of the statute itself." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997). Thus, the propriety of personal

jurisdiction over a non-resident defendant is determined by a two-step inquiry: (1) the defendant must be amenable to service of process under the forum state's long-arm statute; and (2) the exercise of jurisdiction under the state statute must comport with the dictates of the Due Process Clause of the Fourteenth Amendment. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010); *see also Gardner v. Clark*, 101 F. Supp. 2d 468, 474 (N.D. Miss. 2000). For purposes of resolving this Motion, the Court assumes without deciding that Defendants Dewees and McNesby are subject to *in personam* jurisdiction under the Mississippi long-arm statute. The question before the Court then is whether this Court's exercise of personal jurisdiction over Dewees and McNesby would comport with due process.

The exercise of personal jurisdiction satisfies due process requirements where: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Choice Helthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 367 (5th Cir. 2010) (citation omitted).

"There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and those that give rise to general jurisdiction." *Clemens*, 615 F.3d at 378. At issue here is whether Dewees' and McNesby's contacts with Mississippi give rise to specific personal jurisdiction. This inquiry asks:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;

>   (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

The critical inquiry in a minimum contacts analysis is whether the defendant's conduct indicates that the defendant "reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759. A defendant "must not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'" *Id.* (quoting *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871-72 (5th Cir. 1999)).

Plaintiff maintains that Dewees and McNesby availed themselves of the benefits of the forum state on grounds that

>   [t]he Defendants knew full well that their actions would result in the arrest and detention of the Plaintiff in Mississippi and the seizure of his property in Mississippi. The arrest and seizure was effected by the utilization of Mississippi law enforcement resources which the Defendants would not have had access to but for their status as law enforcement officials.

Resp. at p. 8.

While "an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct," *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999) (citing *Calder v. Jones* 465 U.S. 783, 789-90

(1984)), such is not the case here.

> [T]he effects of an alleged intentional tort are to be assessed as part of the analysis of the defendant's relevant contacts with the forum. Whether these effects, either alone or in combination with other contacts, are sufficient to support in personam jurisdiction will turn upon the particular facts of each case.

*Allred v. Moore & Peterson*, 117 F.3d 278, 287 (5th Cir. 1997) (citing *Wallace v. Herron*, 778 F.2d 391, 395 (7th Cir. 1985)).

However, "[t]he 'effects' test . . . does not supplant the need to demonstrate minimum contacts that constitute purposeful availment . . . ." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 400 (5th Cir. 2009).

The facts of this case are distinguishable from those in *Calder*, where the effects of an alleged intentional tort were found to give rise to minimum contacts sufficient to support *in personam* jurisdiction. In *Calder*, the United States Supreme Court found personal jurisdiction existed over Florida defendants in a California libel suit, on grounds that the defendants' publication of defamatory statements was expressly aimed at the forum state and the nonresident defendants knew that their acts would have an impact on the plaintiff in the forum state. *Allred*, 117 F.3d at 286.

> [T]he suit grew out of an article about the California activities of a California resident whose career was centered in California. The defendants relied primarily on California sources in writing the article. California was the focal point both of the story and any harm suffered. The harm was uniquely related to California because the emotional distress and injury to professional reputation suffered by the plaintiff were primarily a result of the publication of the story to other California residents.

*Wallace*, 778 F.2d at 395 (citing *Calder*, 465 U.S. at 788-89).

Dewees' and McNesby's contacts with Misssissippi are far more attenuated, and do not support a finding of personal jurisdiction. All actions taken by Dewees and McNesby pertained to conducting an investigation in Florida and obtaining an arrest warrant issued by a Florida court, which was based upon representations made by Florida residents about events which transpired in Florida. The Court finds persuasive the reasoning of another court, which on similar facts concluded that,

> [m]erely obtaining an arrest warrant for someone who is known to be in another state is not sufficient to subject the officer obtaining the warrant to personal jurisdiction in that state. Although it is foreseeable that the warrant will be executed in the suspect's state of residence, "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."

*Bush v. Adams*, No. 07-4936, 2008 WL 4791647, at * 12 (E.D. Pa. Nov. 3, 2008) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

A court within this Circuit has similarly found that it lacked personal jurisdiction over non-resident authorities who issued an arrest warrant on kidnapping charges where the non-resident defendants' only contacts with Louisiana rested "on nothing more than the 'mere fortuity' that [the plaintiff] happened to be a resident of Louisiana and happened to choose that destination for the Children." *Olagues v. Stafford*, 316 F. Supp. 2d 393, 400 (E.D. La. 2004). Dewees' and McNesby's only connection to Mississippi arose from the fortuitous circumstance that Plaintiff transported the motor vehicle to Mississippi, something over which neither of these Defendants had any control. This is insufficient to show

purposeful availment of the benefits of the forum state.

In sum, the Court is not persuaded that Plaintiff has demonstrated that either Dewees or McNesby have sufficient minimum contacts with the State of Mississippi to satisfy the due process standard of purposeful availment, or that the exercise of personal jurisdiction over these Defendants would be fair and reasonable.  The Court concludes that it lacks *in personam* jurisdiction over these Defendants.

B.   Transfer

Once a district court finds that it lacks personal jurisdiction, it possesses "broad discretion" in deciding whether to dismiss or transfer pursuant to 28 U.S.C. § 1404 and § 1406.  *Bellsouth Telecommunications, Inc. v. Phone-Link Telecommunications, Inc.*, No. 05-1884, 2006 WL 2980567, at *1 (W.D. La. Sept. 1, 2006) (citing *Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).  28 U.S.C. § 1404(a) permits a transfer of venue for the convenience of the parties and the witnesses, while § 1406 permits a transfer when the suit was filed in an improper venue.

28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A district is "wrong" within the meaning of § 1406 whenever there exists an "'obstacle (to) * * * an expeditious and orderly adjudication' on the merits," including a lack of personal jurisdiction.  *Aguacate*

*Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir. 1978).

The Court has determined that it lacks personal jurisdiction over Defendants Dewees and McNesby.  Based upon the submissions of the parties, all Defendants either reside or conduct business in Escambia County, Florida, *see* Compl.¶¶ 11, 12; Mem. in Support of Defs.' Mot. at p. 7., and a substantial part of the events giving rise to the claim occurred in Florida.  As such, venue would be proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(b).[2]  Because Plaintiff acknowledges that the dismissal of Dewees and McNesby could result in a possible statute of limitations problem, and because the Court finds that it would not be in the interest of judicial economy to sever Plaintiff's claims against these Defendants, the Court is of the opinion that transfer of the case in its entirety to the Northern District of Florida is appropriate.  *See, e.g., Romero v. North Trail RV Center*, No. 6:10cv77, 2010 WL 3724337 (W.D. La. Aug. 20, 2010); *Wells v. Greyhound Lines, Inc.*, No. 1:02cv130, 2002 WL 1610902 (S.D. Miss. June 25, 2002).

---

[2]28 U.S.C. 1391(b) states that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. 1391(b).

III.  CONCLUSION

For the foregoing reasons, the Court concludes that personal jurisdiction over Defendants Dewees and McNesby is lacking, and that this the case should be transferred in its entirety pursuant to 28 U.S.C. § 1406(a).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [8] of Defendants Harry R. McNesby, in his official capacity as former Sheriff of Escambia County, Florida, and Deputy Sheriff Marc Daniel Dewees, in his individual capacity, to Dismiss or, alternatively, to Transfer, is **GRANTED IN PART AND DENIED IN PART.**  The Motion [8] is denied to the extent it seeks dismissal, and is granted to the extent it seeks transfer.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is **TRANSFERRED** to the United States District Court for the Northern District of Florida, Pensacola Division.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all remaining pending Motions are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 31st day of January, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE